FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

JUN 13 2011

D. MARK JONES, CLERK
BY
         DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| Gilberto Cruz-Arrellanes,<br><br>Petitioner,<br><br>vs.<br><br>United States of America,<br><br>Respondent. | ORDER<br><br>2:11-CR-00393<br>Case No. 2:08-CR-000825 |

Before the Court is Petitioner Gilberto Cruz-Arrellanes's petition seeking consideration of cultural assimilation in modifying his sentence. Having considered the parties' briefs, the record, and the relevant law, the Court issues the following Order.

Mr. Cruz-Arrellanes was indicted for illegal reentry following deportation in violation of 18 U.S.C. § 1326. Mr. Cruz-Arrellanes entered a guilty plea on February 10, 2009, and received a sentence of 63 months.

On April 22, 2011, Mr. Cruz-Arrellanes filed a petition pursuant to 18 U.S.C. § 3582(c)(2) seeking modification of his sentence. Mr. Cruz-Arrellanes bases his argument for modification on an amendment to U.S. Sentencing Guideline § 2L1.2. The amendment was added to § 2L1.2 as a Commentary Application Note by the Sentencing Commission in 2010 to address when a downward departure may be appropriate based on a defendant's cultural

assimilation to the United States. *See United States v. Rubio Bernave*, 2011 WL 1237036, (S.D. Cal. April 4, 2011). Mr. Cruz-Arrellanes maintains that the Court must apply the amendment retroactively to reduce Mr. Cruz-Arrellanes's offense level by two points resulting in a lesser sentence.

"The [Sentencing Reform Act] charges the [U.S. Sentencing] Commission both with deciding whether to amend the Guidelines, [28 U.S.C.] § 994(o), and with determining whether and to what extent an amendment will be retroactive, § 994(u)." *Dillon v. U.S.*, 130 S.Ct. 2683, 2691–91, 177 L.Ed.2d 271 (2010). In enacting the amendments to § 2L2.1, the Commission did not intend for its retroactive application, and indeed, the amendment should not be retroactively applied. *See United States v. Rubio Bernave*, 2011 WL 1237036, (S.D. Cal. April 4, 2011).

Mr. Cruz-Arrellanes was convicted and sentenced in 2009, well before the amendments to § 2L2.1 were approved. Because the amendment cannot be retroactively applied, the Court will not use it to reevaluate it Mr. Cruz-Arrellanes's sentence. Consequently, the Court finds Mr. Cruz-Arrellanes's sentence valid and **DENIES** his petition.

**IT IS SO ORDERED.**

DATED this 10th day of June, 2011.

_____
Dee Benson
United States District Judge